IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **TAURUS IP, LLC,**<br>  a Wisconsin Limited Liability Corporation<br><br>                Plaintiff,<br><br>v.<br><br>1.  **HYUNDAI MOTOR AMERICA,**<br>2.  **REEBOK INTERNATIONAL, LTD.,**<br>3.  **PUMA NORTH AMERICA, INC.,**<br>4.  **PUMA AG RUDOLPH DASSLER SPORT,**<br>5.  **POLO RALPH LAUREN CORP., and**<br>6.  **MICHELIN NORTH AMERICA, INC.,**<br><br>                Defendants. | Civil Action No.  07-C-0477 C<br><br>Jury Trial Demanded<br><br>Judge Barbara B. Crabb<br><br>Magistrate Judge Stephen L. Crocker |

**STIPULATION OF DISMISSAL AND FINAL JUDGMENT**

WHEREAS Plaintiff Taurus IP, LLC ("Taurus"), and Defendants Hyundai Motor America ("Hyundai"), Reebok International, Ltd. ("Reebok"), and Michelin North America, Inc. ("Michelin") (collectively "Defendants") are all the parties remaining in the above-captioned case ("this Action"), which concerns United States Patent No. 6,141,658 ("the '658 patent");

WHEREAS on February 25, 2008, the Court entered an Opinion and Order in *Taurus IP, LLC v. DaimlerChrysler, et al.* (Case No. 07-cv-158) (Docket No. 425) (hereinafter "February 25 Order") granting summary judgment of non-infringement of the '658 patent and invalidity of claims 16 and 27 of the '658 patent;

WHEREAS the parties agree that, in light of the Court's prior construction of terms in the claims of the '658 patent in *Taurus IP, LLC v. DaimlerChrysler, et al.* and the Court's February 25 Order, the Defendants are entitled to judgment in their favor on Taurus' Complaint for

infringement of the '658 patent, and the Defendants are entitled to judgment in their favor on Defendants' counterclaims for declaratory judgment of non-infringement in this Action, namely the First Counterclaim of Reebok's First Amended Counterclaims (Docket No. 59), Count I of Hyundai's First Amended Counterclaims (Docket No. 57), and Count II of Michelin's Counterclaims (Docket No. 19) (collectively "Defendants' Counterclaims for Declaratory Judgment of Non-infringement");

WHEREAS the parties further agree that, in light of the Court's February 25 Order, the Defendants are entitled to judgment in their favor on Defendants' counterclaims for declaratory judgment of invalidity, namely, Count II of Hyundai Motor America's Amended Answer and Counterclaim (Docket No. 57), Second Counterclaim of Reebok International, Ltd.'s Answer and Counterclaim (Docket No. 59), and Count I of Michelin North America, Inc.'s Answer and Counterclaim (Docket No. 19) (collectively "Defendants' Counterclaims for Declaratory Judgment of Invalidity") as follows:

    a. claim 16 of the '658 patent is invalid under 35 U.S.C. § 102(e)(2) as anticipated by U.S. Patent No. 5,825,651; and

    b. claim 27 of the '658 patent is invalid under 35 U.S.C. § 102(e)(2) as anticipated by U.S. Patent No. 5,825,651.

WHEREAS the parties agree that Taurus intends to ask the Court to reconsider its February 25 Order with respect to finding claims 16 and 27 of the '658 patent invalid under 35 U.S.C. § 102(e)(2) as anticipated by U.S. Patent No. 5,825,651. The parties agree that the judgment entered by the Court in this action shall be consistent with the ruling on Taurus' motion for reconsideration in *Taurus IP, LLC v. DaimlerChrysler, et al.* (Case No. 07-cv-158).

WHEREAS the parties further agree that, in light of the February 25 Order, there is no just reason for delaying the entry of judgment in favor of Defendants, and against Taurus, on the

Complaint filed by Taurus, Defendants' Counterclaims for Declaratory Judgment of Non-infringement, and Defendants' Counterclaims for Declaratory Judgment of Invalidity;

WHEREAS the parties further agree that, in the interests of efficiency for the parties and the Court, the counterclaims asserted by Defendants other than Defendants' Counterclaims for Declaratory Judgment of Non-infringement and Defendants' Counterclaims for Declaratory Judgment of Invalidity (the "Remaining Counterclaims") should be dismissed without prejudice rather than fully litigated at this point, and that, in the event of any future proceedings in this Court for infringement of the '658 patent, each of the Defendants shall be entitled to reassert such Remaining Counterclaims, including any other prior art or other basis for invalidity of claims 16 and 27 of the '658 patent, and any assertion that other claims of the '658 patent are invalid or that the '658 patent is unenforceable;

WHEREAS, the parties agree that, upon dismissal without prejudice of the Remaining Counterclaims, a final judgment can and should be entered in favor of Defendants and against Taurus pursuant to Fed.R.Civ.P. 54(a), and, in any event, that there is no just reason for delaying, and the Court may expressly direct, the entry of final judgment in favor of Defendants and against Taurus pursuant to Fed.R.Civ.P. 54(b);

WHEREAS, the parties agree that by entering into this stipulation, Taurus does not waive any rights or issues for appeal of the judgment to be entered herein;

WHEREAS, the parties agree that the following items should be made a part of the record of this case:

    a. Taurus IP, LLC's Objections and Answers to Defendant Hyundai Motor America's First Set Of Interrogatories (Nos. 1-17) (January 30, 2008)

    b. Taurus IP, LLC's Objections and Answers to Defendant Reebok International Ltd.'s First Set Of Interrogatories (Nos. 1-11) (February 5,

3

2008)

    c. Taurus IP, LLC's Objections and Answers to Defendant Michelin North America, Inc.'s First Set of Interrogatories (Nos. 1-18) (January 23, 2008)

    d. Taurus IP, LLC's Objections and Answers to Defendant Michelin North America, Inc.'s Second Set of Interrogatories (Nos. 19) (February 8, 2008)

    e. The record in *Taurus IP, LLC v. DaimlerChrysler, et al.* (Case No. 07-cv-158); and

WHEREAS, the parties are submitting to the Court herewith a proposed **FINAL JUDGMENT** reflecting their stipulations, and make the stipulations herein subject to entry of such **FINAL JUDGMENT**;

IT IS HEREBY STIPULATED AND AGREED,

1. In light of the Court's prior construction of terms in the claims of the '658 patent in *Taurus IP, LLC v. DaimlerChrysler, et al.* (Case No. 07-cv-158) and the Court's February 25 Order (Docket No. 425), and the reasoning contained therein, which is adopted herein as part of the record in this case, the Defendants are entitled to judgment in their favor on Taurus' Complaint for infringement of the '658 patent and the claims for relief therein, and the Defendants are entitled to judgment in their favor on Defendants' counterclaims for declaratory judgment of non-infringement in this Action, namely the First Counterclaim of Reebok's First Amended Counterclaims (Docket No. 59), Count I of Hyundai's First Amended Counterclaims (Docket No. 57), and Count II of Michelin's Counterclaims (Docket No. 19) (collectively "Defendants' Counterclaims for Declaratory Judgment of Non-infringement").

2. Judgment shall be entered against Taurus, and in favor of each of the Defendants, on Taurus' Complaint for infringement of the '658 patent (Docket No. 2);

3. Judgment shall be entered in favor of each of the Defendants, and against Taurus,

4

on Defendants' Counterclaims for Declaratory Judgment of Non-infringement, namely:

    a. Count I of Hyundai's First Amended Counterclaims (Docket No. 57);

    b. Count II of Michelin's Counterclaims (Docket No. 19); and

    c. The First Counterclaim of Reebok's First Amended Counterclaims (Docket No. 59);

4. Judgment shall be entered in favor of each of the Defendants, and against Taurus, on Defendants' Counterclaims for Declaratory Judgment of Invalidity, namely, Count II of Hyundai Motor America's Amended Answer and Counterclaim (Docket No. 57), Second Counterclaim of Reebok International, Ltd.'s Answer and Counterclaim (Docket No. 59), and Count I of Michelin North America, Inc.'s Answer and Counterclaim (Docket No. 19) as follows:

    a. claim 16 of the '658 patent is invalid under 35 U.S.C. § 102(e)(2) as anticipated by U.S. Patent No. 5,825,651; and

    b. claim 27 of the '658 patent is invalid under 35 U.S.C. § 102(e)(2) as anticipated by U.S. Patent No. 5,825,651.

The judgment entered in this case with respect to invalidity of the '658 patent shall be consistent with any ruling on a motion for reconsideration that Taurus may file in *Taurus IP, LLC v. DaimlerChrysler, et al.* (Case No. 07-cv-158) asking the Court to reconsider its February 25 Order with respect to finding claims 16 and 27 of the '658 patent invalid under 35 U.S.C. § 102(e)(2) as anticipated by U.S. Patent No. 5,825,651.

5. Defendants' Remaining Counterclaims hereby are dismissed without prejudice, pursuant to Rule 41(a)(1) and 41(c) of the Federal Rules of Civil Procedure and, in the event of any future proceedings in this Court for infringement of the '658 patent, each of the Defendants shall be entitled to reassert such Remaining Counterclaims, including any other prior art or other basis for invalidity of claims 16 and 27 of the '658 patent, and any assertion that other claims of

the '658 patent are invalid or that the '658 patent is unenforceable;

    6.    By entering into this stipulation, Taurus does not waive any rights or issues for appeal of the judgment to be entered herein.

    7.    The following items shall be made a part of the record of this case:

        a.    Taurus IP, LLC's Objections and Answers to Defendant Hyundai Motor America's First Set Of Interrogatories (Nos. 1-17) (January 30, 2008)

        b.    Taurus IP, LLC's Objections and Answers to Defendant Reebok International Ltd.'s First Set Of Interrogatories (Nos. 1-11) (February 5, 2008)

        c.    Taurus IP, LLC's Objections and Answers to Defendant Michelin North America, Inc.'s First Set of Interrogatories (Nos. 1-18) (January 23, 2008)

        d.    Taurus IP, LLC's Objections and Answers to Defendant Michelin North America, Inc.'s Second Set of Interrogatories (Nos. 19) (February 8, 2008)

        e.    The record in *Taurus IP, LLC v. DaimlerChrysler, et al.* (Case No. 07-cv-158).

    8.    The parties agree that if the Court's decision granting summary judgment of non-infringement to Mercedes and Chrysler is reversed and remanded for further proceedings by the U.S Court of Appeals for the Federal Circuit, then this judgment shall likewise be vacated and remanded for further proceedings in this Court;

    9.    If Taurus appeals this judgment, Defendants agree that they will not file any petition(s) for attorneys' fees pursuant to 35 U.S.C. § 285 until and unless the Court's judgment in this case is affirmed. The Court hereby grants Defendants an extension of time for filing any fee or cost motions under Fed. R. Civ. P. 54(d) until: (a) 30 days after the date of final decision by the U.S. Court of Appeals for the Federal Circuit and/or the U.S. Supreme Court affirming the

judgment in this case; or (b) 30 days after the time for filing a notice of appeal from this judgment has expired without Taurus filing a notice of appeal.

10. Final judgment in this case shall be entered on the date of, and immediately after, entry of judgment in *Taurus IP, LLC v. DaimlerChrysler, et al.* (Case No. 07-cv-158), and until such date, all proceedings shall be stayed in the above-captioned matter.

11. The parties agree that by entering into this stipulation, Taurus does not waive any rights or issues for appeal of the judgment to be entered herein  The parties reserve all rights of appeal.

IT IS SO STIPULATED

Dated:  March 6, 2008                                   Respectfully submitted,

                                        /s/ Kajeer Yar
                                        Kajeer Yar
                                        2431 East 61st Street, Suite 320
                                        Tulsa, OK 74136
                                        Telephone:  918-292-8158
                                        *kyar@yarlawfirm.com*

                                        David G. Hanson
                                        State Bar No. 1019486
                                        Mark A. Cameli
                                        State Bar No. 1012040
                                        Robert S. Jones
                                        State Bar No. 1061370
                                        Reinhart Boerner & Van Deuren
                                        1000 North Water Street, Suite 2100
                                        P.O. Box 2965
                                        Milwaukee, WI 53202

                                        Telephone:  414-298-1000
                                        Facsimile:  414-298-8097
                                        *dhanson@reinhartlaw.com*
                                        *mcameli@reinhartlaw.com*
                                        *rjones@reinhartlaw.com*

        Michael J. Newton
The Law Offices of Michael J. Newton
2714 Beverly Drive
Flower Mound, TX 75022
Telephone:  214-438-0806
*mike@mjnfirm.com*

Dated:  March 6, 2008        Respectfully submitted,

        _____/s/ Darren E. Donnelly_____
Darren E. Donnelly (*pro hac vice*)
C. J. Alice Chuang (*pro hac vice*)
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:  650-998-8500
Facsimile:  650-938-5200
*Ddonnelly@fenwick.com*
*Achuang@fenwick.com*

*Attorneys for Reebok International, Ltd.*

Dated:  March 6, 2008        Respectfully submitted,

        _____/s/ Kenneth B. Axe_____
Kenneth B. Axe
State Bar No. 1004984
LATHROP & CLARK, LLP
740 Regent Street, Suite 400
P.O. Box 1507
Madison, WI 53701-1507
Telephone:  608-257-7766
Facsimile:  608-257-1507
*kaxe@lathropclark.com*

Peter C. McCabe III
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois. 60601-9703
Telephone:  312-558 5600
Facsimile 312-558 5700
*pmccabe@winston.com*

                                        Gene Schaerr
                                        Anne W. Stukes
                                        Geoffrey P. Eaton
                                        WINSTON & STRAWN LLP
                                        1700 K Street, N.W.
                                        Washington, D.C.  20006
                                        Telephone:  202-282-5000
                                        Facsimile:  202-282-5100
                                        *gschaerr@winston.com*
                                        *astukes@winston.com*
                                        *geaton@winston.com*
                                        *Attorneys for Defendant Hyundai Motor America*

Dated:  March 6, 2008                          Respectfully submitted,

                                        _____/s/ Mitchell L. Stockwell_____
                                        Mitchell L Stockwell
                                        Vanessa M Spencer
                                        Kilpatrick Stockton LLP
                                        1100 Peachtree Street
                                        Suite 2800
                                        Atlanta, GA 30309
                                        Telephone:  404-815-6500
                                        *Mstockwell@kilpatrickstockton.com*
                                        *vspencer@kilpatrickstockton.com*

                                        Joseph P Wright
                                        Stafford Rosenbaum LLP
                                        PO Box 1784
                                        222 W Washington Ave, Ste 900
                                        Madison, WI 53701
                                        Telephone:  608-256-0226
                                        Facsimile: 608-259-2600
                                        *Jwright@staffordlaw.com*
                                        *Attorneys for Michelin North America, Inc.*

Pursuant to Stipulation, IT IS SO ORDERED.

Dated: March ____, 2008                 _____
                                        The Honorable Barbara B. Crabb
                                        District Court Judge,
                                        Western District of Wisconsin