IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TAURUS IP, LLC,

                                                    ORDER

                       Plaintiff,

                                              07-cv-477-bbc

       v.

HYUNDAI MOTOR AMERICA,
REEBOK INTERNATIONAL, LTD.,
PUMA NORTH AMERICA, INC.,
PUMA AG RUDOLPH DASSLER
SPORT, POLO RALPH LAUREN
CORP., and MICHELIN NORTH
AMERICA, INC.,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On March 7, 2008, I granted the parties' stipulation of dismissal, which stated that final judgment in this case "shall be entered on the date of, and immediately after, entry of judgment in Taurus IP, LLC v. DaimlerChrysler, et al., (Case No. 07-cv-158[-bbc]), and until such date, all proceedings shall be stayed in the above captioned matter." That same day, judgment was entered in this case mistakenly. 65 days later, plaintiff noticed the mistake after defendant Hyundai filed a motion for attorney fees. Plaintiff filed a motion to vacate the judgment under Fed. R. Civ. P. 60 and strike defendant's motion for attorney

1

fees pursuant to the terms of the March 7 order. Briefing ensued, and now defendant Hyundai has filed a motion for leave to file a surreply in response to plaintiff's motion to vacate.

First, plaintiff seeks relief under Rule 60(a), which states that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." However, plaintiff seeks vacatur of the judgment, not a typographical correction; Rule 60(a) does not provide for such relief. However, Rule 60(b) does, stating that "the court may relieve a party or its legal representative from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Thus, plaintiff's motion to vacate is properly construed as a motion for relief from a final judgment under Rule 60(b).

Defendant Hyundai "strenuously objects" to plaintiff's motion to vacate, contending that plaintiff had failed to notice the early entry of judgment and respond in a timely fashion, and Hyundai was entitled to rely on plaintiff's failure to file a notice of appeal. I am not persuaded. The parties stipulated and pursuant to that stipulation I ordered that judgment would not be entered in this case until judgment was entered in another of plaintiff's lawsuits, case no. 07-cv-158-bbc.

However, now Hyundai contends that plaintiff should be stuck with the premature entry of judgment because it failed to timely appeal the judgment and Rule 60 does not allow

2

a court to vacate and reenter a judgment to restart the time for filing a notice of appeal. It is true that a party may not seek to vacate a judgment under Rule 60 for the purpose of circumventing the deadline for filing a notice of appeal under Fed. R. App. P. 4. Parke-Chapley Const. Co. v. Cherrington, 865 F.2d 907, 915 (7th Cir. 1989); Buggs v. Elgin, Joliet & Eastern Railway Co., 852 F.2d 318, 323 (7th Cir. 1988). However, the policy behind this rule is that a party should not be allowed to argue in the context of a Rule 60 motion what it could have raised on appeal had it timely appealed. Parke-Chapley, 865 F.2d at 915. In this case, plaintiff is not seeking vacatur of the judgment on the basis of mistakes of law, but on the basis of "clerical mistakes caused by inadvertence"; in this setting a Rule 60(b) motion is appropriate. Id. at 914. If it were not, either a plaintiff would have no remedy for a court's premature entry of judgment or it would have to file an appeal just to have the judgment vacated and reentered at a later date. Such an appeal would, of course, undermine the very reason the parties in this case stipulated to a delayed entry of judgment (to coordinate the timing of appeals in separate cases). The rule against using Rule 60 to circumvent the deadline for filing a notice of appeal does not apply in this context.

Next, Hyundai contends that plaintiff's motion, filed 65 days after entry of judgment, was not made within "reasonable time" and therefore is barred by the timing requirements of Rule 60(c). Plaintiff contends that the delay was acceptable and implies that the delay is Hyundai's fault. In response, Hyundai has filed a motion for leave to file a surreply in

3

which it argues that plaintiff's failure is not Hyundai's "fault." Hyundai's motion for leave to file a surreply will be granted; even so, plaintiff's delay does not bar relief under Rule 60(b). Although I agree that plaintiff should have caught the error earlier, it did so before judgment was entered in case no. 07-cv-158-bbc, the time crucial to the parties' stipulation and the March 7 order granted pursuant to that stipulation. Plaintiff planned to address the issue of appeal for all three cases at that time, and there was no other activity anticipated from this case in the meantime. Under these circumstances, plaintiff's delay is acceptable, regardless whose fault it is. Plaintiff's motion to vacate the judgment will be granted and, because judgment has now been entered in case no. 07-cv-158-bbc, judgment will now be entered in accordance with the terms of the March 7 order granting the parties' stipulation. In addition, because judgment was not supposed to be entered and the case was supposed to be stayed until judgment was entered in 07-cv-158-bbc, defendant's motion for attorney fees and brief in support will be denied without prejudice to defendant's refiling these documents after judgment is entered.

      Finally, plaintiffs ask for costs and attorney fees for bringing their motion to vacate the judgment. This request will be denied; defendant Hyundai was entitled to test its theory that plaintiff's failure to respond sooner to this court's mistaken entry of judgment cost plaintiff the chance to appeal.

ORDER

IT IS ORDERED that

1. Defendant Hyundai's motion for leave to file a surreply (dkt. #96) is GRANTED;

2. Plaintiff Taurus IP, LLC's motion to vacate the judgment and strike defendant's motion for attorney fees (dkt. #90) is GRANTED; the judgment entered on March 5, 2007 (dkt. #79) is VACATED and defendant's motion for attorney fees and brief in support is DENIED without prejudice;

3. Plaintiff's motion for costs and attorney fees (dkt. #90) is DENIED;

4. The clerk is directed to enter judgment as follows and close this case:

    a. In favor of defendants Hyundai Motor America, Reebok International, Ltd. And Michelin North America, Inc., and against plaintiff Taurus IP, LLC, on the complaint for infringement of United States Patent No. 6,141,658 ("the '658 patent") (dkt. #2);

    b. In favor of defendant Hyundai Motor America and against plaintiff Taurus IP, LLC, on count I of Hyundai's first amended counterclaims (dkt. #57);

    c. In favor of defendant Reebok International, Ltd., and against plaintiff Taurus IP, LLC. on the First Counterclaim of Reebok's First Amended Counterclaims (dkt. #59);

5

    d.    In favor of defendant Michelin North America, Inc., and against plaintiff Taurus IP, LLC, on count II of Michelin's counterclaims (dkt. #19);

    e.    In favor of defendant Hyundai Motor America and against plaintiff Taurus IP, LLC, on count II of Hyundai Motor America's Amended Answer and Counterclaim (dkt. #57); in favor of defendant Reebok International, Ltd., and against plaintiff Taurus IP, LLC, on the second counterclaim of Reebok International, Ltd.'s answer and counterclaim (dkt. #59); and in favor of defendant Michelin North America, Inc., and against plaintiff Taurus IP, LLC, on Count I of Michelin North America, Inc.'s answer and counterclaim (dkt. #19); as follows:

        i.    claim 16 of the '658 patent is invalid under 35 U.S.C. § 102(e)(2) as anticipated by U.S. Patent No. 5,825,651; and

        ii.    claim 27 of the '658 patent is invalid under 35 U.S.C. § 102(e)(2) as anticipated by U.S. Patent No. 5,825,651.

    f.    Plaintiff Taurus IP, LLC does not waive any rights or issues for appeal

of this judgment.

Entered this 4th day of June, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

7